# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7154 | **DATE** | 5/28/2013 |
| **CASE TITLE** | Todd vs. T3 Healthcheck LLC et al. | | |

**DOCKET ENTRY TEXT**

Todd moves this court to strike defendant T3 Healthcheck's ("T3") memorandum in opposition to Todd's motion for leave to amend his complaint, grant default judgment for Todd based on alleged misrepresentations in T3's filings, and report T3s counsel, Steven Cloh, to the state bar. For the reason stated below, the motion [41] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Todd's motion alleges that T3 and Cloh have made multiple false statements constituting a fraud on the court. First, in September 2012, T3 moved for an extension of time to answer or otherwise plead. In that motion, T3 stated, "Because of ongoing settlement negotiations, the parties hereby move . . ." (Mot. Ext., ECF No. 7.) Todd's motion to strike asserts that the parties had never spoken, much less engaged in settlement negotiations or agreed to an extension of time. On receipt of the motion, Todd emailed Cloh stating, "I have no problem with the proposed extension. Please provide clarification on your assertions that there is some 'ongoing settlement negotiations' as I have never had any communications with you . . ." (D.'s Opp'n. P.'s Mot. Strike Ex. A, ECF No. 45.) Cloh responded to the email four minutes later, explaining that the language was inadvertently included. Cloh did not correct the motion's assertion that settlement talks were ongoing. The motion was subsequently granted.

Second, T3, in both an interrogatory response and in the memorandum in opposition to Todd's motion for leave to amend his complaint, represented that its address was 9501 W. 171st Street, Tinley Park, Illinois. However, T3 apparently ceased operating before these documents were produced. In T3's opposition to this motion, Cloh attests that he was unaware that T3 had ceased operation until after the documents were created. Cloh never amended the memorandum in opposition, and the motion for leave to amend has since been granted.

Todd's pending motion states, "Todd has been damaged as a result of the above and requests this Court . . . grant Todd a default judgment against T3 for all claims in the Amended Complaint. Todd further requests this Court notify the Illinois State Bar of the conduct of Cloh as required under the Rules of Professional Conduct." (Mot. Strike at ¶ 22.) In Todd's reply in support of this motion, he claims that Cloh does not return his phone calls, misplaced his emailed interrogatories, and has been unwilling to meet and confer.

Todd asks the court to conclude that Cloh and T3's representations were knowingly false. This request—along

| STATEMENT |
|---|

with the requests for default judgment and to report Cloh to the state bar—are unreasonable. Before a court may impose the sanction of default judgment, the party moving for default must show that the other party "acted with willfulness, bad faith, or fault." *See Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003). "Fault, in this context, suggests objectively unreasonable behavior; it does not include conduct that we would classify as a mere mistake or slight error in judgment. *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000). The errors included in T3's pleadings were of no import; Cloh's failure to correct them was at most a "slight error in judgment" not subject to the sanction of default judgment. Similarly, Cloh did not violate the Illinois Rules of Professional Conduct, which require an attorney to "correct a false statement of material fact or law previously made to the tribunal by the lawyer." Ill. R. Prof. Conduct § 3.3(a)(1).

Todd suggests that he is not being treated honestly because he is *pro se*. There can be no doubt that Todd deserves just as much honest dealing as any litigant. But, as a *pro se* litigant, he may be unaware that even lawyers make mistakes, can misplace things, and even sometimes be rude. Such errors are not sanctionable; they do not suggest a fraud on the court. Todd's motion, and the many other motions he has filed before this court and the Magistrate Judge assigned to supervise discovery in this case, reveal that he is pursuing a scorched-earth approach to this litigation. The avalanche of paper he has produced may have caused some of the behavior Todd complains of in his reply. Disagreement is inherent to litigation; the parties would do well to learn the lesson often repeated by Judges Abraham Lincoln Marovitz and Milton Shadur, that the essence of civility is to disagree without being disagreeable. Todd's motion is denied.